UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
http://www.flsb.uscourts.gov

In re:

          Case No. 26-12621-SMG

Hughton, LLC,

          Chapter 11

      Debtor.

_____/

## **DEBTOR'S MOTION TO DISMISS BANKRUPTCY CASE**

The debtor, Hughton, LLC, moves to dismiss its bankruptcy case, pursuant to 11 U.S.C. § 1112(b)(1), and states:

1. On March 2, 2026, the debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. The debtor is operating its business as a debtor-in-possession pursuant to 11 U.S.C. §1107 and §1108. No trustee, examiner, or committee of unsecured creditors has been appointed.

3. The debtor operates a residential real estate investment business in South Florida, acquiring and renovating single-family and condominium properties for rental and/or resale. The debtor owns seven properties. Six of the seven properties are encumbered by mortgages, and four of the six mortgages are current.[1] The debtor estimates that there is substantial equity in all of its properties above its mortgages and does not believe that it has any unsecured debt.

4. The debtor has been challenged, as it has not had a bookkeeper or an accountant and has not filed tax returns. In this bankruptcy case, the debtor retained, with Court approval, an

---

[1] On April 1, 2026, the Court entered its *Order Granting Debtor's Motion for Authorization to Make Monthly Payments to Secured Creditors on Certain Loans* (Dkt. No. 38), and the debtor has since paid the monthly amounts due to the four mortgagees that were the subject of the motion through April 2026.

accounting firm in order to assist the debtor with its accounting and to prepare tax returns. This process is ongoing.

5.      The debtor filed this case on an emergency basis the day of the foreclosure sale of one of its properties (1019 NW 11th Court, Miami FL 33136) before the issuance of a Certificate of Sale. The debtor believes that the property has equity above its mortgagee EF Mortgage LLC's final judgment of $418,140.51, even though it sold at the foreclosure sale for only $385,100. EF Mortgage filed a proof of claim (claim no. 1) in the amount of $430,452.53.

6.      Since the inception of this case, the debtor has been working to find acceptable refinancing terms to pay off the amounts due to EF Mortgage, LLC with respect to its mortgage on 1019 NW 11th Court, Miami, and permit it to continue to serve its mortgage debts and other ongoing business obligations. The debtor is considering certain refinancing terms with which it has been presented by certain potential lenders, and is discussing the refinancing options with lenders, but has not yet reached an agreement as to refinancing terms. In the event that the debtor reaches an agreement on acceptable refinancing terms, it will file an emergency motion in advance of the hearing on this motion seeking to obtain court approval for refinancing that will permit it to pay off the mortgagee EF Mortgage LLC before dismissal to avoid the risk that the certificates of sale and title for 1019 NW 11th Court, Miami will be issued to the prepetition purchaser at the foreclosure sale.

7.      Even if refinancing is not obtained, the debtor seeks to have this bankruptcy case dismissed because it has determined, in its business judgment, that the incurrence of additional administrative expenses to continue this bankruptcy case are not worth the value to the debtor of the equity in the 1019 NW 11th Court, Miami property, and the continued pursuit of reorganization.

2

8.  Section 1112(b)(1) of the Bankruptcy Code, provides that "[e]xcept as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(1). The debtor submits that Section 1112(b)(2) and (c) are not applicable here.

9.  In this case, the debtor asserts that cause exists to dismiss the case, and that dismissal is in the best interest of the creditors and the estate, for the reasons described in paragraph 7 above. In addition, secured creditors are fully protected by the properties they have as collateral. There are no unsecured creditors. The IRS, to the extent it has a claim against the debtor (it has filed a proof of claim (claim no. 2) for penalties of $33,000), will have all of the rights available to it under the law, including to become a secured creditor in the event of dismissal (and the debtor will have additional time to complete its accounting and file tax returns to become current with the IRS). And the debtor will benefit from cutting off its administrative expenses with respect to this bankruptcy case (and have additional funds available for postpetition accountants).

10.  The debtor intends to file all monthly operating reports that become due prior to dismissal.

11.  In addition, the debtor's Court-approved attorneys and accountants will file fee applications before the hearing on this motion, and within seven days of Court approval, all allowed administrative expenses will be paid from the monies held in the attorneys' trust accounts and from the debtor directly with respect to any deficiency balances due.

**WHEREFORE**, the debtor requests the Court: (a) grant this motion; (b) dismiss this bankruptcy case; and (c) for such additional relief as is deemed just and proper.

## CERTIFICATE OF SERVICE

I certify that I electronically filed this summary with the clerk of the court using CM/ECF, which is serving the document via transmission of Notices of Electronic Filing to those counsel or parties who are authorized to receive such notices, on this 15th day of April 2026.

Dated: April 15, 2026

**LESSNE HOFFMAN, PLLC**
*Counsel for Debtor*
100 SE 3rd Ave, 10th Floor
Fort Lauderdale, FL 33394
Ph. (954) 372-5759

By: */s/ Michael S. Hoffman*
    Michael D. Lessne
    Fla. Bar No. 73881
    mlessne@lessnehoffman.law
    Michael S. Hoffman
    Fla. Bar No. 41164
    mhoffman@lessnehoffman.law